## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "*Agreement*") is entered into by and between Transformer Protector Corp. ("*TPC*"), William R. Kendrick ("*Kendrick*"), and Guardian F D S, LLC ("*Guardian*") (each, individually, a "*Party*" and, collectively, the "*Parties*").

## RECITALS

This Settlement Agreement is made with reference to, among others, the following facts:

A.      WHEREAS, Kendrick entered into certain written agreements and agreed to abide by certain policies related to his employment with TPC, including (1) TPC Code of Business Conduct and Ethics, (2) Non-Disclosure and Employment Agreement, (3) Confidentiality Agreement, and (4) Non-Competition Contract related to his employment by TPC, including (collectively "*Employment Agreements*");

B.      WHEREAS, Kendrick is no longer employed by TPC as of January 27, 2012;

C.      WHEREAS, Kendrick is the sole authorized representative and stakeholder in Guardian and Guardian was founded by Kendrick on October 5, 2011, while Kendrick was still employed by TPC;

D.      WHEREAS, Guardian purports to offer a product related to protecting against and/or preventing explosion and/or fire in and related to transformers;

E.      WHEREAS, TPC instituted a lawsuit captioned Cause No. 2012-34919, *Transformer Protector Corp. v. William R. Kendrick and Guardian F D S, LLC*; in the District Court of Harris County, Texas, 334th Judicial District (the "*Lawsuit*"), asserting claims arising out of Kendrick's conduct, individually and by and through Guardian, during and after his employment with TPC;

- 1 -

W. Kendrick _WRK_ ; Guardian (W. Kendrick) _WRK_ , TPC (P. Magnier)

F.      WHEREAS, in the Lawsuit, TPC alleged that Kendrick, during his employment, submitted false invoices for payment;

G.      WHEREAS, in the Lawsuit, TPC alleged that Kendrick founded and used Guardian in violation of the Employment Agreements;

H.      WHEREAS, the Parties entered into an Agreed Temporary Injunction signed by the Court on July 16, 2012 in the Lawsuit to preserve the status quo pending trial on the merits (the "*TI*");

I.      WHEREAS, the Parties now desire to fully and completely settle and compromise their past disputes, including, but not limited to, the claims asserted in the Lawsuit;

J.      NOW, THEREFORE, in consideration of the premises and mutual covenants contained herein and other good and valuable consideration, the adequacy and sufficiency  of which is hereby acknowledged, the parties agree as follows:

## TERMS

1.      The Recitals contained above are fully incorporated by reference.

2.      The date of this Agreement will be the date the last party signs the Agreement (the "*Effective Date*").

3.      **Settlement Amount.**   Kendrick shall pay TPC the sum of $12,500.00 U.S. Dollars (the "*Settlement Amount*").   The Settlement Amount will be delivered in the form of a cashier's check delivered to Chamberlain, Hrdlicka, White, Williams & Aughtry ("*CHWWA*"), Attention: Julia Calnek, 1200 Smith Street, Suite 1400, Houston, Texas 77002 on or before the ninetieth (90th) day following the Effective Date.

4.      **Sufficiency of Consideration.**   The Parties acknowledge the sufficiency of the consideration offered by either party by signing this Agreement.   The Parties agree that this

- 2 -

W. Kendrick _WK_, Guardian (W. Kendrick) _WK_, TPC (P. Magnier) _____

Agreement resolves all disputes and/or claims existing between the Parties as of the Effective Date.   The Parties further acknowledge that their execution of this Agreement is not an admission of liability and may not be so construed.   The Parties acknowledge that this Agreement is made as a compromise to avoid further expense and to end the controversies arising from the underlying Lawsuit and between the Parties as more fully articulated in paragraphs 9 and 10.

5.       **Lawsuit Dismissal.**   Within five (5) days of the receipt of a signed Permanent Injunction and Final Judgment by the Court, TPC will cause to be filed a notice of dismissal with prejudice of all claims asserted in the Lawsuit.

6.       **Parties to Bear their Own Costs/Expenses.**   All Parties will bear their own costs and expenses associated with the Lawsuit, the negotiations and execution of this Agreement, and their compliance with the terms thereof, except as stated expressly otherwise herein.

7.       **Agreed Permanent Injunction and Final Judgment.**   Contemporaneously with the signing of this Agreement, the Parties will sign an agreed permanent injunction which is attached hereto as "Attachment A," (the "*Permanent Injunction*"), which TPC will file within two (2) business days following the Effective Date of this Agreement.   The Parties will also sign an Agreed Final Judgment, the form of which is attached hereto as "Attachment B" (the "*Judgment*").   TPC will file the Judgment within two (2) business days following the Effective Date of the Agreement.   In the event that the Settlement Amount is not timely received, TPC may immediately execute the Judgment.   The Agreed Permanent Injunction and Final Judgment are expressly incorporated in this Agreement as if set forth at length herein in their entirety.

8.       **TPC Confidential Information.**   Within two (2) days of the date of this Agreement, Kendrick shall deliver a written affidavit to CHWWA, attached hereto as

- 3 -

W. Kendrick _____ , Guardian (W. Kendrick) _____ , TPC (P. Magnier) _____

"Attachment C," confirming that he has destroyed or returned all documents, information and tangible things, whether electronically stored or otherwise, he received and/or otherwise acquired by any means during or after his employment relationship with TPC (the "*Kendrick Affidavit*").. This shall expressly include, but not be limited to, all written client lists, email correspondence, drawings not publically available, brochures, written correspondence, audio or visual recordings, and any tangible document related to TPC currently in Defendants' possession.

9.    **Kendrick/Guardian Release.**    In exchange for and in consideration of the payments, benefits, and other commitments described above, Kendrick and Guardian, individually for themselves and for each of their heirs, executors, administrators, successors, affilates and assigns, hereby FULLY RELEASES, ACQUITS AND FOREVER DISCHARGES TPC, as well as all affiliated entities and each of its and their past or present owns predecessors, assigns, officers, managers, directors, members, principals, employees, attorneys, agents, representatives, successors and  assigns, of and from any and all claims, liabilities, causes of action, demands to any rights, damages, costs, attorney fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that Kendrick and Guardian may now have, have ever had, or hereafter may have, relating directly or indirectly to the Parties' relationship to date, including, but not limited to, Kendrick's employment, the termination of such employment, or the Employment Agreements other than obligations, liabilities and agreements expressly set forth in or arising under this Agreement.  Such claims may include, but are not limited to, claims for wages, back pay, front pay, commissions, bonuses, overrides, or reimbursement, reinstatement, breach of contract, quasi-contractual claims, and other claims damages or benefits, whether based on a theory of contract, statute, tort or otherwise.  Kendrick and Guardian also release any

- 4 -

W. Kendrick _____, Guardian (W. Kendrick) _____, TPC (P. Magnier) _____

and all claims they may have that arose prior to the date of this Agreement, and hereby specifically waive and release all claims under any contract or quasi-contractual agreement or claim, actual or alleged, for personal injuries, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, the Equal Pay Act, the Americans With Disabilities Act, the Age Discrimination in Employment Act, as amended, the Consolidated Omnibus Budget Reconciliation Act of 1980 (COBRA), the Family and Medical Leave Act, the Employment Retirement Income Security Act of 1974, as amended, the National Labor Relations Act, the Fair Labor Standards Act, and any and all state or local statutes, ordinances, or regulations, as well as all claims arising under federal, state or local law, involving any tort, employment, statutory and/or contract claim, whether express or implied, "wage and hour" or other claim, of any nature, for compensation or reimbursement claim of any type, including a claim of violation of public policy, wrongful discharge, or any other claim. It is the intent of the Parties hereto that Kendrick and Guardian waive and release any and all claims, accrued or unaccrued, known or unknown, of any nature, regardless of whether specifically identified herein related to the Parties' relationship from the beginning of time until the present. This release shall not apply to any breaches by any of the Parties of this Agreement.

10.     **TPC Release.** In exchange for and in consideration of the payments, benefits, and other commitments described above, TPC, for itself and each of its affiliated entities and all past or present owners, predecessors, assigns, and the officers, managers, board of directors, owners, employees, attorneys and agents, past and present, hereby FULLY RELEASES, ACQUITS AND FOREVER DISCHARGES Kendrick and Guardian and each of their predecessors, assigns, attorneys, agents, representatives, successors or assigns, past and present, of and from any and all claims, liabilities, causes of action, demands to any rights, damages,

- 5 -

W. Kendrick _____ , Guardian (W. Kendrick) _____ , TPC (P. Magnier) _____

costs, attorney fees, expenses, and monies whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that it may now have, has ever had, or hereafter may have, relating directly or indirectly to the Parties' relationship to date, including Kendrick's employment, or the termination of such relationships other than the obligations, liabilities and agreements expressly set forth in or arising under this Agreement against Kendrick or Guardian. It is the intent of the parties hereto that TPC waive and release any and all claims, accrued or unaccrued, known or unknown, of any nature, regardless of whether specifically identified herein related to the Parties' relationship from the beginning of time until the present. This Release shall not apply to any breaches by any of the Parties of this Agreement or to any of the claims referenced in paragraph 11 below.

11.     **Patent Infringement.** Notwithstanding the foregoing, TPC, its affiliated entities, all past or present owners, predecessors, assigns, officers, managers, members, directors, employees, and agents, reserve the right to pursue claims against Kendrick and/or Guardian related to any claim of patent infringement of any patent awarded by a licensed to (i) Philippe Magnier, (ii) Philippe Magnier, LLC, (iii) Sergi France SAS, or (iv) 'sergi Holdings SAS or in the event of any material misrepresentation in the Kendrick Affidavit, arising before or after this Agreement.

12.     **Kendrick Indemnity.** Kendrick shall be liable to TPC for and shall protect, defend, indemnify and hold harmless TPC from and against any and all damages, losses, costs, claims and expenses arising out of or resulting from any breach by Kendrick or Guardian of any material provision of this Agreement or the Permanent Injunction.

13.     **TPC Indemnity.** TPC shall liable to Kendrick and/or Guardian and shall protect, defend, indemnify and hold harmless Kendrick and/or Guardian from and against any and all

- 6 -

W. Kendrick _____ , Guardian (W. Kendrick) _____ , TPC (P. Magnier) _____

damages, losses, costs, claims and expenses arising out of or resulting from any breach by TPC of any material provision of this Agreement.

14.     **Informed Agreement.**  Each Party to this Agreement represents and confirms that he or she: (a) has read this Agreement carefully and completely, (b) has been informed of his or her right to consult with legal and financial counsel and has had full opportunity to do so, (c) understands and agrees to all the provisions contained in this Agreement, and (d) is signing freely and voluntarily, without any degree of duress, coercion, compulsion, or undue influence.

15.     **Kendrick's Representations.**  Notwithstanding the foregoing, TPC is signing this Agreement dependent on specific representations of Kendrick.   Specifically, Kendrick represents that he has disclosed all information with respect to his business activities, individually or by and through Guardian, related to the transformer industry. Kendrick has further represented to TPC that he has disclosed all TPC documents, information, or other tangible things, he has copied, maintained, or used, whether individually or by and through Guardian, and the nature of his use or retention.

16.     **Governing Law.**  This Agreement is entered into in Texas and is governed by the laws of Texas, without reference to its choice of law rules.

17.     **Claim for Breach.**  Nothing in this Agreement is intended to be nor shall be construed as a release or covenant not to sue for any claim or cause of action, in law or in equity, which any of the Parties possess for any breach of this Agreement or the exercise of rights to enforce this Agreement.

18.     **Venue.**  The Parties agree that any dispute relating to this Agreement including, but not limited to, any claim of breach or any dispute concerning the interpretation or

- 7 -

W. Kendrick _____, Guardian (W. Kendrick) _____, TPC (P. Magnier) _____

performance of this Agreement, shall be determined by a court of competent jurisdiction in Harris County, Texas.

19.     **Counterparts.** This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

20.     **Non-Disparagement.** Each Party warrants and represents that it  will not, either verbally, in writing, or otherwise, disparage or make any defamatory or otherwise negative or potentially injurious, slanderous, or malicious statements concerning the other Party  or any affiliated company of TPC or any of its or their owners, shareholders, officers, managers, directors, principals, representative, employees, agents, or any TPC or affiliated company product or service, or any aspect of Kendrick's employment with TPC to any person including, but not limited to, any current or potential employee or client, customer or potential customer, regardless of whether the either Party believes such statements to be, or such statements are in fact, truthful. The parties acknowledge and agree that the intent of this provision is to avoid all derogatory or disparaging remarks by the each Party about the other.

21.     **Non-Disclosure of Confidential Information and Trade Secrets**.  With respect to confidential information or trade secrets, and all other protected information, Kendrick consents to be permanently bound as provided by the Permanent Injunction.

22.     **Kendrick/Guardian Non-Reliance.**   Kendrick and Guardian represent and acknowledge that, in executing this Agreement, they are neither relying nor have relied, on any statement or representation by TPC, its agents, attorneys, or other representatives, except as expressly stated in this Agreement.

23.     **TPC Non-Reliance.**  TPC represents and acknowledges that, in executing this Agreement, it does neither rely nor has it relied, on any statement or representation by Kendrick

- 8 -

W. Kendrick _____ , Guardian (W. Kendrick) _____ TPC (P. Magnier) _____

and Guardian, their agents, attorneys, or other representatives, except as expressly stated in this Agreement.

24.   **Entire Agreement.**   This Agreement constitutes the entire agreement and understanding between the Parties with respect to this Agreement and compromise or the claims finally settled by this Agreement and supersedes and renders void all prior agreements or alleged agreements, written or oral, of any nature between the Parties hereto and, after the Effective Date, this Agreement shall constitute the only existing and binding agreement between the Parties.

25.   **Attorney Fees.**   In the event either Party must seek enforcement of this Agreement and prevails, in whole or in part, on its claims, the non-prevailing party shall pay all costs, expenses, and reasonable and necessary attorney fees of the prevailing party.

26.   **Subheadings.**  The subheadings are only for ease of reference and not intended to add to or limit the obligations of the Parties as articulated herein.

27.   **Joint Drafting.**  For the purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any of the Parties for that reason in any subsequent dispute.

28.   **Successors.**  This Agreement shall be binding on, and inure to the benefit of, the Parties hereto and their respective successors and assigns.

29.   **Severability.**   If any portion or provision of this Agreement is found to be unenforceable or invalid, the Parties agree any such portion may be excised by a court of competent jurisdiction but that the remaining portions will remain in full force and effect.

30.   Facsimiles and/or other electronic transmittals of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

- 9 -

W. Kendrick _____, Guardian (W. Kendrick) _____, TPC (P. Magnier) _____

[SIGNATURES ON FOLLOWING PAGE]

W. Kendrick _____, Guardian (W. Kendrick) _____, TPC (P. Magnier) _____

SO AGREED:

William R. Kendrick, *Individually*                    Date 7/19/12

William R. Kendrick, President, *on behalf of*         Date 7/19/12
*Guardian F D S, LLC*

Philippe Magnier, President, *on behalf of*            Date 07/18/12
*Transformer Protector Corp.*

1044306_5

W. Kendrick _____, Guardian (W. Kendrick) _____, TPC (P. Magnier) _____