UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRANSFORMER PROTECTOR CORP, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-875 |
| | § | |
| WILLIAM R. KENDRICK, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Remand (Doc. No. 7). After considering the Motion, the responses thereto, and all applicable law, the Court determines that the Motion should be denied.

### I. BACKGROUND

The parties to this lawsuit are in the business of developing and producing fire protection systems for electrical transformers. Plaintiff Transformer Protector Corp. filed the suit against its business competitors, Defendants William R. Kendrick and Sentry Depressurization Systems, Inc., in the 334th District Court for Harris County. Plaintiff brings claims of unfair competition, tortious interference with prospective economic advantage and contractual relationships, false advertising, breach of contract, violation of the Texas Uniform Trade Secrets Act, and common law misappropriation. Petition ¶¶ 86-138 (Doc. No. 1-2). Defendants bring counterclaims of breach of contract and tortious interference with prospective contractual relations. (Doc. No. 1-5.)

On March 20, 2017, Defendants removed this case to federal court. (Doc. No. 1.) The parties do not dispute that this Court has federal question jurisdiction over Plaintiff's false advertising claim pursuant to 15 U.S.C. § 1125(A)(1)(B) and supplemental jurisdiction over

1

Plaintiff's unfair competition claim. *See* Doc. No. 7 at 1-2; Doc. No. 13 at 1. There remains, however, a dispute regarding this Court's jurisdiction over Plaintiff's claims of tortious interference, breach of contract, violation of the Texas Uniform Trade Secrets Act, and common law misappropriation, as well as over Defendants' counterclaims. Plaintiff has moved to remand those portions of the case back to state court. (Doc. No. 7.)

## II. LEGAL STANDARD

The federal courts have jurisdiction over every action arising under federal law. 28 U.S.C. § 1331. Federal district courts also have subject matter jurisdiction over certain state law claims through supplemental jurisdiction. 28 U.S.C. § 1367(a). Supplemental jurisdiction applies to state law claims that are so related to a federal claim "that they form part of the same case or controversy." *Id.* To exercise supplemental jurisdiction over state law claims, a court must find that the federal and state law claims "derive from a common nucleus of operative fact" and "are such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

A district court may decline to exercise supplemental jurisdiction over a claim if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). A court may also decline to exercise supplemental jurisdiction based on considerations of judicial economy, convenience, fairness, and comity. *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citing *Gibbs*, 383 U.S. at 726).

## III. ANALYSIS

### A. All of the claims and counterclaims derive from a common nucleus of operative fact.

Plaintiff argues that this litigation involves two discrete bodies of facts. (Doc. No. 13 at 1.) One set of claims (hereinafter "the former employee claims") is based on the former employment relationship between Plaintiff and Defendant Kendrick.[1] These include the claims of tortious interference, breach of contract, violation of the Texas Uniform Trade Secrets Act, misappropriation, and declaratory judgment. With regard to those claims, Plaintiff alleges that Defendants: improperly maintained proprietary materials;[2] failed to disclose a patent application (as required by a settlement agreement between the parties in a prior case);[3] used Plaintiff's technology and confidential information to develop competing businesses;[4] sold Plaintiff's proprietary technology;[5] and used Plaintiff's marketing materials to market Defendants' own competing product.[6] Plaintiff argues that Defendants' counterclaims also revolve around the former employment relationship between the parties. Defendants allege that Plaintiff falsely disparaged Defendants by asserting that Defendants' product infringes Plaintiff's patents and asserting that the product was faulty, untested, or dangerous. (Doc. No. 1-5 at 7-8.)

By contrast, Plaintiff argues, the claims over which the Court undisputedly has jurisdiction—false advertising and unfair competition—are not related to the former employment relationship between the parties. With regard to those claims, Plaintiff alleges that Defendants misrepresented the technology underlying their product and falsely claimed that the product

---

[1] Defendant Sentry Depressurization Systems, Inc. is a company formed by Defendant Kendrick. Petition ¶ 39.
[2] *Id.* ¶ 113.
[3] *Id.* ¶¶ 109, 118.
[4] *Id.* ¶¶ 126, 132, 137.
[5] *Id.* ¶ 115.
[6] *Id.* ¶ 114.

complies with particular industry standards. Petition ¶ 100. Because these latter allegations do not concern the former employment relationship between the parties, Plaintiff argues, the claims in the case do not all derive from a common nucleus of operative fact. As such, according to Plaintiff, while this Court has federal question jurisdiction over the false advertising claim and supplemental jurisdiction over the unfair competition claim, it lacks jurisdiction over the former employee claims.

The Court disagrees. Although Plaintiff's claims allege distinct types of wrongdoing, both sets of claims arise from the same events: the marketing of Defendants' product to Plaintiff's customers and potential customers. Were the case to proceed on parallel tracks in federal and state courts, as Plaintiff suggests, the courts would be reviewing the same marketing materials, documents, and conversations to determine liability and damages. As such, there is substantial overlap in the facts, such that Plaintiff would be expected to try all the claims together. The Court therefore finds that all of Plaintiff's claims derive from a common nucleus of operative fact and that the Court may exercise supplemental jurisdiction over the state law claims.

The Court further finds that the counterclaims arise from the same common nucleus of operative fact as Plaintiff's claims. Like Plaintiff's claims, the counterclaims concern both the former employment relationship between the parties and Defendants' allegedly false representations about their product. Defendants allege that Plaintiff told Defendants' customers and potential customers that Defendants' product infringed Plaintiff's patent. (Doc. No. 1-5 at 7-8.) This allegation clearly aligns with Plaintiff's former employee claims. Defendants also allege that Plaintiff told Defendants' customers and potential customers that Defendants' product was faulty, untested, and/or dangerous. (Doc. No. 1-5 at 7-8.) The most straightforward reading of

4

that allegation is that Plaintiff asserted that Defendants' product did not comply with particular industry standards as advertised—the same allegation that Plaintiff presents here in its federal false advertising claim. Because Plaintiff's former employee claims and false advertising claims derive from a common nucleus of operative fact, Defendants' corresponding counterclaims do as well. Therefore, the Court may exercise supplemental jurisdiction over the counterclaims.

### B. The former employee claims do not substantially predominate over the federal false advertising claim.

Even where a federal court has supplemental jurisdiction over state law claims, it has discretion to decline to exercise that jurisdiction if the state law claims "substantially predominate [over the federal claims], whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *Gibbs*, 383 U.S. 726-27; *see also* 28 U.S.C. § 1367(c)(2). The Court acknowledges that the former employee claims will require more and different evidence than the false advertising claims, including evidence regarding Defendant Kendrick's employment with Plaintiff and the use of Plaintiff's technology and marketing materials in Defendants' business. However, there is also significant overlap in the evidence required for the two sets of claims, namely, evidence regarding each party's communications with customers and potential customers. As such, the Court finds that the state law claims do not substantially predominate over the federal claim.

### C. Considerations of judicial economy, convenience, fairness, and comity do not weigh in favor of declining supplemental jurisdiction.

Nor is the Court persuaded to decline supplemental jurisdiction based on judicial economy, convenience, fairness, or comity. Judicial economy and convenience are certainly better served by adjudicating all of the claims in a single forum rather than forcing the parties to litigate parallel cases in federal and state court. Moreover, though federal courts must generally

avoid "[n]eedless decisions of state law" as a matter of comity, *see Gibbs*, 383 U.S. that factor alone does not overcome the arguments explained above to exercise supplemental jurisdiction in this particular case.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Motion for Remand (Doc. No. 7) should be, and hereby is, **DENIED**.

**IT IS SO ORDERED.**

Signed this 19th day of May, 2017.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE